UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BYRON and NICOLE ANDRES,

        Plaintiffs,

v.                                                                                    Case No.  1:14-CV-1305

ABN AMRO MORTGAGE GROUP, INC.            HON. GORDON J. QUIST
and CITIMORTGAGE, INC., Jointly and
Severally,

        Defendants.
_____/


# **OPINION**

      Plaintiffs, Byron and Nicole Andres, filed a complaint against Defendants, ABN AMRO Mortgage Group, Inc. (ABN AMRO) and Citimortgage, Inc. (CMI), alleging that Defendants failed to comply with Michigan's foreclosure requirements.  Defendants timely removed the case to this Court, alleging diversity jurisdiction as the basis for the removal.  Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs did not respond to that motion.  For the reasons set forth below, the Court will grant Defendants' motion.

## *Background*

      On or about October 23, 2006, Plaintiffs obtained a mortgage from ABN AMRO for a residence in Kent County.  CMI later became the successor by merger.  At some point, Plaintiffs became aware that they were behind in their mortgage payments, and entered into loan modification discussions with CMI.  Those discussions were not fruitful, and CMI commenced foreclosure proceedings by advertisement and listed notice of foreclosure in a newspaper.[1]

---

[1] Plaintiffs allege in their complaint that there was a sheriff's sale on December 12, 2014.  However, that complaint was filed on November 28, 2014—over two weeks prior to the alleged sale.  Defendants assert that foreclosure sale has not yet occurred.

*Motion Standard*

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

*Discussion*

The complaint alleges that Defendants failed to follow the required foreclosure process by failing to properly calculate the amount claimed to be due on the date of the notice of foreclosure. Michigan law requires that a notice of foreclosure by advertisement include "[t]he amount claimed to be due on the mortgage on the date of the notice." M.C.L. § 600.3212(c). Plaintiffs appear to assert that CMI incorrectly stated the amount due on the notice of foreclosure, and that the notice was

therefore legally invalid. Plaintiffs fail to assert the basic elements of such a claim, including the amounts that were stated and should have been stated on the notice. As such, Plaintiffs' allegations are insufficient to meet the pleading requirements. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.")

Even if Plaintiffs could demonstrate that the foreclosure notice failed to comply with Michigan law, they must allege that they suffered prejudice as a result. *Carmack v. Bank of N.Y. Mellon*, 534 F. App'x 508, 513 (6th Cir. 2013); *Kim v. JPMorgan Chase Bank, N.A.*, 439 Mich. at 98, 115-16, 825 N.W.2d 329, 337 (2012). In particular, *Kim* holds that a plaintiff "must show that [he] would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute." *Kim*, 439 Mich. at 116, 825 N.W.2d at 337. Plaintiffs have not even suggested that they suffered prejudice from the alleged defect in the foreclosure proceedings. Accordingly, their claim must be dismissed.

## *Conclusion*

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss and dismiss the Plaintiffs' complaint with prejudice.

An Order consistent with this Opinion will be entered.


Dated: March 11, 2015                          /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE